UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:09-CV-2005 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MADISON, ET AL., | : | MARCH 30, 2010 |
|     Defendants. | : | |

**RULING RE: MOTION FOR CONTINUED USE OF PSEUDONYM (Doc. No. 11)**

**I.      INTRODUCTION**

Plaintiff filed this action in Connecticut Superior Court on November 24, 2009, alleging that the defendants unlawfully published and disseminated information with respect to the plaintiff's arrest record as a minor. See Complaint ("Cmplt.") (Doc. No. 1, Exh. 1). At the same time, plaintiff filed an ex parte Motion to Proceed in a Pseudonym, which was granted by Superior Court Judge Terence Zemetis. Plaintiff also filed a Motion for Continued Use of Pseudonym. See Motion for Continued Use of Pseudonym ("Pl.'s Motion") (Doc. No. 11).

On December 9, 2009, defendants appeared and removed the action to federal court pursuant to 28 U.S.C. sections 1446(b) and 1331. The Motion for Continued Use of Pseudonym was still pending at the time of removal, and was filed on the federal docket. On January 26, 2010, the defendants filed their Objection to the Motion for Continued Use of Pseudonym. See Objection (Doc. No. 17). Plaintiff filed a Memorandum in support of its Motion on March 15, 2010. For the following reasons, plaintiff's Motion (Doc. No. 11) is granted.

## II. BACKGROUND

Plaintiff was arrested on September 21, 2008, while enrolled at a residential treatment program in Madison, Connecticut. See Cmplt. at ¶ 2. The arrest arose out of an altercation between the plaintiff and a staff member of the Grove School, a therapeutic boarding school for children with emotional and psychiatric disorders located in Madison, Connecticut. See Pl.'s Motion at 3. At the time of his arrest, plaintiff was 17 years of age, and the criminal case was therefore placed on the Superior Court's Youthful Offender Docket pursuant to Connecticut General Statute section 54-76b *et seq*. The plaintiff was charged with two counts of assault in the third degree, and the charges were disposed of by way of a nolle prosequi that the Superior Court accepted on November 18, 2008. Cmplt. at ¶¶ 9, 12.

As part of Connecticut's Youthful Offender statutory scheme, the records of any youthful offender "shall be confidential and shall not be open to public inspection or be disclosed except as provided in this section . . . ." CONN. GEN. STAT. § 54-76l. Nonetheless, the Town of Madison allegedly placed the plaintiff's name, date of arrest, and criminal charges on its publicly available, internet-based "Arrest Log" immediately after the September 21, 2008 arrest. Plaintiff alleges this information remained on the Town's website for thirteen months until its removal in October 2009.

Plaintiff brought this action in Connecticut Superior Court, alleging a violation of the confidentiality provisions of Connecticut General Statute section 54-75l. With the Complaint, plaintiff also filed an ex parte motion to proceed under a pseudonym, which the Superior Court granted. Defendants removed this action on December 9, 2009, at which time plaintiff's Motion for Continued Use of Pseudonym (Doc. No. 11) remained

pending, and was therefore added to this court's docket.

## III.   DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure provides that, "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(e).  Nonetheless, courts have carved out exceptions to this general requirement which allow plaintiffs to proceed anonymously in certain circumstances.  In the Second Circuit, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 189 (2d Cir. 2008).  Such a balancing requires the consideration of several factors, including, inter alia: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification threatens a party with retaliatory mental or physical harm; (3) whether identification would present other harms and the likely severity of those harms, including "whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;" (4) whether the plaintiff is particularly vulnerable to the harms associated with disclosure; (5) whether the suit challenges the actions of government or private parties; (6) whether the defendant would be prejudiced by allowing the use of a pseudonym; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring disclosure of the party's identity; (9) whether there are alternative mechanisms for protecting the plaintiff's identity. Id. at 190.

After considering these factors and the circumstances of this case, the court concludes that the plaintiff's interest in anonymity outweighs both the public's interest in

disclosure and any potential prejudice to the defendants that the continued use of a pseudonym might cause.  First, the litigation involves personal matters, namely the fact that the plaintiff was arrested as a minor.  Second, thus far, the plaintiff's identity has been kept confidential in this litigation.  Although the defendants contend plaintiff's Motion should be denied because the plaintiff's identity was already released on the Town of Madison's website, the court notes that this information is no longer publicly available as of October 2009.  Further, and perhaps most importantly, this highlights that disallowing the use of a pseudonym in this case would present concrete harms, specifically that "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  Id. (internal quotation marks omitted).  The crux of plaintiff's claim is that his identity was unlawfully released to the public in violation of the Youthful Offender Statute's requirements.  See generally Cmplt.  Were this court to require plaintiff's identity be disclosed, the purpose of the litigation would be entirely subverted.

In the court's view, neither the public nor the defendants have strong interests that outweigh these interests that the plaintiff has in proceeding under a pseudonym. Within their Objection to the Motion (Doc. No. 17), the defendants do not identify any prejudice that might arise if the court grants the Motion.  Further, any public interest in the litigation can be accommodated with minimal detriment by open access to the pleadings and, potentially, through access to a public trial.  Therefore, because the interests of the plaintiff outweigh the public interest and any risk of prejudice to the defendants, the court concludes that the plaintiff should be allowed to maintain a pseudonym throughout this litigation.

**IV.     CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Continued Use of Pseudonym (Doc. No. 11) is **GRANTED**.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 30th day of March, 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge